# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

JOSPEH W. LLOYD, )
　　　　　　　　　　　　　　　　)
　　　　　Petitioner, )
　　　　　　　　　　　　　　　　)
　　vs. ) Case No. 05-0692-CV-W-HFS-P
　　　　　　　　　　　　　　　　)
MICHAEL BOWERSOX, )
　　　　　　　　　　　　　　　　)
　　　　　Respondent.

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2004 conviction and sentence for second degree murder, which was entered in the Circuit Court of Jackson County, Missouri. Petitioner raises four (4) grounds for relief: (1) there was an insufficient factual basis for petitioner's guilty plea to second degree murder because petitioner did not realize that he kicked the child victim hard enough to kill her; (2) Rule 24.035 state post-conviction review counsel was ineffective for dismissing his state post-conviction relief motion due to lack of viable claims; (3) petitioner's Miranda rights were violated when he gave a statement to police; and (4) the prosecuting attorney was pregnant during the case and therefore should have been disqualified by conflict of interest from prosecuting him for a child murder.

Respondent contends that the claims are all procedurally defaulted because petitioner did not raise pursue a Rule 24.035 motion in the Missouri Courts. Doc. No. 6, p. 1. "A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." Sloan v. Delo, 54 F.3d 1371, 1381 (8th Cir. 1995), cert. denied, 516 U.S. 1056 (1996). "If a petitioner

fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." Id.

A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). Petitioner alleges that post-conviction counsel dismissed his motion for post-conviction relief at her own discretion and without his authorization. Doc. No. 1.

If petitioner contends that ineffective assistance of Rule 24.035 counsel caused his state procedural default, he may not do so because claims of ineffective assistance of counsel must have been independently presented in a timely manner to the state courts in order to be used to show the alleged cause for state procedural default. Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

Petitioner also has failed to show that a fundamental miscarriage of justice will result if his defaulted claims are not considered. See Weeks v. Bowersox, 119 F.3d 1342, 1350 (8th Cir. 1997) (petitioner must make a showing of "actual innocence" in order to fit within the fundamental miscarriage of justice exception) (en banc) (citing Schlup v. Delo, 513 U.S. 298 (1995)), cert. denied, 522 U.S. 1093 (1998). Grounds 1 through 4 will be denied.[1]

---

[1] As respondent argues, petitioner's grounds for relief also are without merit. Ground 1 is without merit pursuant to Mo. Rev. State § 565.021(1) (2000), which states "[a] person commits the crime of murder in the second degree if he . . . with the purpose of causing serious physical injury to another person, causes the death of another person[.]" Ground 2 is not cognizable under 28 U.S.C. § 2254. See Gee v. Groose, 110 F.3d 1346, 1351-1352 (8th Cir. 1997). Ground 3 was waived by petitioner's guilty plea and is without merit. Ground 4 does not state a Due Process Clause violation and is without merit.

2

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is denied; and

(2) this case is dismissed with prejudice.

    /s/ Howard F. Sachs
HOWARD F.SACHS
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri

Dated: 11/29/05